**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JUDD A. GILEFSKY, SB# 198694
   E-Mail: Judd.Gilefsky@lewisbrisbois.com
KARYN L. IHARA, SB# 298950
   E-Mail:  Karyn.Ihara@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| HENRY GONZALEZ, an individual,<br><br>   Plaintiff,<br><br>   vs.<br><br>FORD MOTOR COMPANY, A Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>   Defendants. | CASE NO.<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTIONS 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)**<br><br>*[Declaration of Karyn L. Ihara in support of Notice of Removal filed concurrently]* |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

   PLEASE TAKE NOTICE that Defendant Ford Motor Company ("Ford"), by its counsel LEWIS BRISBOIS BISGAARD & SMITH, LLP, hereby removes to this court, pursuant to 28 U.S.C. sections 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. CIV SB 2207269 of the Superior Court of California, County of San Bernardino.

4867-3570-4099.2

1

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

In support of this removal, Ford states as follows:

## THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of San Bernardino by Plaintiff Henry Gonzalez against Ford, entitled *Henry Gonzalez v. Ford Motor Company, et al.* Case No. CIV SB 2207269 (the "State Action"). Ford is the named Defendant.

2. Plaintiff filed the State Action on April 1, 2022, asserting breach of express warranty, breach of implied warranty and Fraudulent Concealment claims against Ford.

## PROCEDURAL REQUIREMENTS

3. Ford has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a copy of the Complaint on May 3, 2022. Declaration of Karyn L. Ihara ("Ihara Decl.") ¶ 4. This Notice of Removal is therefore timely filed.

4. Pursuant to 28 U.S.C. section 1446(a), copies of all process, pleadings, and orders for the State Action in Ford's possession are contained in **Exhibit A** filed herewith.

5. Pursuant to 28 U.S.C. section 1446(a), venue is proper in the Central District of California because this district embraces the place in which the removed action has been pending.

6. Pursuant to 28 U.S.C. section 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of San Bernardino promptly after filing of same in this Court.

7. Pursuant to 28 U.S.C. section 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

8. Consistent with Congress's intent that parties may amend allegations of jurisdiction if they are questioned, *see* 28 U.S.C. § 1653, this Court should not *sua*

*sponte* remand this action, *see Shockley v. Jones*, 823 F.2d 1068, 1072–73 (7th Cir. 1987) ("This court has noted that *sua sponte* dismissals without prior notice or opportunity to be heard are 'hazardous' . . . . A dismissal under Rule 12(b)(1) without notice or a hearing is similarly suspect."). Thus, if any question arises as to the propriety of this removal, Ford requests the opportunity to amend this notice of removal following any necessary discovery, briefing, and oral argument.

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), (viii) the right to arbitrate this controversy, or (ix) any other procedural or substantive defense available under state or federal law.

## DIVERSITY OF CITIZENSHIP EXISTS

10. The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides in with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

11. A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of Plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable …." 28 U.S.C. § 1446(b)(3).

12. Upon information and belief, at the time this action was commenced,

4867-3570-4099.2

3

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

Plaintiff was a citizen of California. This "Lemon Law" action arises out of Plaintiff's purchase of a new 2019 Ford Expedition, vehicle identification number 1FMJU1MT8KEA42260 ("Subject Vehicle") on May 23, 2019. *See* Ihara Decl. ¶ 6. Plaintiff purchased the Subject Vehicle from Sunrise Ford, located in Fontana, California. Ihara Decl., **Exhibit C** (Retail Installment Sale Contract). The repairs and maintenance for the Subject Vehicle only occurred in California. Ihara Decl., **Exhibit D** (AWS claim list report) and **Exhibit E** (CarFax report).

13. Ford is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. This Court can take judicial notice of these facts. *See* Excerpt from Ford's 2019 Form 10-K filing, **Exhibit B** to Ihara Decl.; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

14. As of April 1, 2022, when this action was commenced in state court, complete diversity existed as to the parties, and continues to exist as of the date of this filing. "Doe" defendants may be ignored for removal purposes. *See Salveson v. Western State Bank Card Ass'n*, 731 F.2d 1423 (9th Cir. 1984).

15. For the reasons stated above, there is diversity of citizenship between Plaintiff, a California citizen, and Defendant Ford, a citizen of Michigan and Delaware.

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

16. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

17. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegations regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (holding that the amount in controversy is an estimate of the amount in dispute, rather than an assessment of the defendant's potential liability, and vacating the District Court's order to remand the case to state court); *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (once the party seeking federal jurisdiction provides plausible explanation for how the amount in controversy is met, the matter should remain in federal court unless it is legally impossible for plaintiff to recover that much and reversing District Court's decision to remand the case to state court).

18. Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

19. **The amount in controversy in this action exceeds $75,000, exclusive of interest and costs** (*see* 28 U.S.C. § 1332), **for the following reasons**:

    (i) This "Lemon Law" action arises out of Plaintiff's purchase of a new 2019 Ford Expedition. *See* Ihara Decl. ¶ 6.

4867-3570-4099.2

5

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

1      (ii)    Plaintiff alleges he is entitled to "replacement or restitution" for the Subject Vehicle pursuant to the Song-Beverly Act. *Ihara Decl.*, Ex. A, Complaint at ¶ 91.

    (iii)    Moreover, Plaintiff seeks to recover a civil penalty in the amount of two times Plaintiff's actual damages. *Id.*, Complaint at Prayer for Relief D.

    (iv)    Plaintiff seeks punitive damages as well. *Id.*, Complaint at Prayer for Relief E.

    (v)    Plaintiff also seeks recovery of his attorneys' fees. *Id.*, Complaint, Prayer for Relief F.

    (vi)    Additionally, Plaintiff seeks to recover prejudgment interest. *Id.*, Complaint at Prayer for Relief J.

20. According to the Retail Installment Sale Contract for the Subject Vehicle, its Total Sale Price is $99,200.40. Ihara Decl., **Exhibit C** (Retail Installment Sale Contract).

21. Thus, based on information and belief, Ford asserts that the amount payable under contract for the Subject Vehicle is at least $99,200.40, or at a minimum, that the amount in controversy based on restitution and two times civil penalty will exceed $75,000.00, exclusive of interest and costs.

22. If Plaintiff prevails on the Song-Beverly claim, the estimated actual damages would be calculated as follows:

| | | |
|---|---|---|
| **Amount Potentially Owed Under the Contract:** | $99,200.40 | |
| = | $99,200.40 of Actual Damages to Plaintiff | |
| **Plus Civil Penalties** | $198,400.80 | |
| = | $297,601.20 of Potential Damages Awarded | |



4867-3570-4099.2

6

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

23. Civil penalties under the Song-Beverly Act are properly included in the calculation. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009, 1011 (N.D. Cal. 2002). So, too, are reasonable estimates of attorney's fees. *Id.* at 1011. In fact, the court in *Fritsch v. Swift Transp. Co. of Ariz., LLC* held that "if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in litigation and should be included in the amount in controversy." 899 F.3d 785, 788 (9th Cir. 2018). Typically, attorney's fees are not considered part of the amount in controversy for diversity purposes. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). However, where an underlying statute, such as the Song-Beverly Act, authorizes an award of attorney's fees, such fees may be included in calculating the amount in controversy. *See id.*; *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).

24. Plaintiff attorneys in Song-Beverly cases who have tried or prepared for trial regularly request more than $50,000 in attorneys' fees. *See, e.g., Hall v. FCA US LLC*, 2018 U.S. Dist. LEXIS 85048, at *8–9 (E.D. Cal. May 21, 2018) (plaintiffs' counsel sought $82,110 in fees ); *Ruiz v. BMW of N. Am., LLC*, 2018 U.S. Dist. LEXIS 76855, at *22 (C.D. Cal. May 7, 2018) (plaintiff's counsel sought $203,966 in fees); *Garcia v. FCA US LLC*, 2018 U.S. Dist. LEXIS 37594, at *8 n.1 (E.D. Cal. Mar. 7, 2018) (plaintiff's counsel sought $60,615 in fees); *Davtian v. Jaguar Land Rover N. Am. LLC*, 2017 U.S. Dist. LEXIS 30600, at *3 (C.D. Cal. Mar. 3, 2017) (plaintiffs' counsel sought $195,125 in fees); *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 464 (2016) (trial court awarded $185,000 in attorneys' fees and costs).

25. Based on the foregoing, all requirements for diversity jurisdiction and removal jurisdiction have been met.

## CONCLUSION

26. Consequently, the State Action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. section 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States


District Court for the Central District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

DATED: June 2, 2022	JUDD A. GILEFSKY
	KARYN L. IHARA
	LEWIS BRISBOIS BISGAARD & SMITH LLP


	By: 	/s/ Karyn L. Ihara
		KARYN L. IHARA
		Attorneys for Defendant FORD MOTOR COMPANY



4867-3570-4099.2

8

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA