# EXHIBIT A

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JUDD A. GILEFSKY, SB# 198694
  E-Mail: Judd.Gilefsky@lewisbrisbois.com
KARYN L. IHARA, SB# 298950
  E-Mail: Karyn.Ihara@lewisbrisbois.com
633 W. 5th Street, Ste. 4000
Los Angeles, CA 90071
Telephone: (213) 599-7723
Facsimile: (213) 250-7900

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| HENRY GONZALEZ, an individual, | CASE NO: CIV SB 2207269 |
| Plaintiff, | Judge John M Pacheco<br>Dept. S31 |
| vs. | **DEFENDANT'S ANSWER TO COMPLAINT** |
| FORD MOTOR COMPANY, A Delaware Corporation; and DOES 1 through 20, inclusive, | Jury Trial Demanded<br>Complaint Filed: 4/22/2022 |
| Defendants. | |

4868-0732-2403.1  -1-

DEFENDANT'S ANSWER TO COMPLAINT

Defendant FORD MOTOR COMPANY ("Defendant") hereby respond to the Complaint ("Complaint") filed by Plaintiff HENRY GONZALEZ ("Plaintiff") as follows:

Pursuant to California *Code of Civil Procedure* section 431.30, Defendant hereby generally denies each and every allegation in the Complaint and further denies that Plaintiff has been damaged in any sum whatsoever.

## FIRST AFFIRMATIVE DEFENSE
### (Disclaimer of Warranties)

Plaintiff's cause of action for breach of express warranty and incidental and consequential damages is barred by the express disclaimers and limitations of liability contained in the alleged express warranties.

## SECOND AFFIRMATIVE DEFENSE
### (Comparative Fault)

If Plaintiff sustained any damages as alleged in the Complaint, such damage was proximately caused and contributed to by Plaintiff's failure to conduct themself in a manner ordinarily expected of a reasonably prudent person in the conduct of their affairs and business. The contributory negligence and fault of Plaintiff diminishes any recovery herein.

## THIRD AFFIRMATIVE DEFENSE
### (Contributory Negligence of Third Parties)

If Plaintiff sustained any damages as alleged in the Complaint, such damage was proximately caused and contributed to by persons and/or parties, other than this answering Defendant, by failing to conduct itself in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business. Contributory negligence and fault of persons and/or parties, other than this answering Defendant, diminishes any recovery from this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Any cause of action alleged in the Complaint is barred by the statute of limitations, including, but not limited to, Code of Civil Procedure sections 337, 338, 338.1 and 340 and/or Commercial Code section 2725.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

If Plaintiff sustained any damages as alleged in the Complaint, such damage was proximately caused and contributed to by Plaintiff's failure to mitigate damages. Plaintiff's failure to mitigate damages diminishes any recovery herein.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Defendant is informed and believes and based thereon alleges that Plaintiff has engaged in conduct and activities sufficient to estop them from asserting all or any part of the claims set forth in Plaintiff's Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Defendant is informed and believe and based thereon allege that the claims and relief sought by Plaintiff are barred by reason of the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Defendant is informed and believes and based thereon alleges that Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract breach of warranty, negligence or any other conduct as set forth in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Laches)**

Defendant is informed and believes and based thereon alleges that Plaintiff has waited an

4868-0732-2403.1 -3-

DEFENDANT'S ANSWER TO COMPLAINT

unreasonable period of time to complain of the alleged acts or omissions at issue in the Complaint so as to prejudice this answering Defendant. Plaintiff is therefore guilty of laches and is barred from recovery.

### TENTH AFFIRMATIVE DEFENSE
### (Failure of Performance)

Defendant is informed and believes and based thereon alleges that any failure to perform the obligations as described in the Complaint resulted from Plaintiff's failure to perform as required by the contract and/or warranty. Plaintiff's performance was a condition precedent to the performance of Defendant's obligations.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Alteration of Product)

The vehicle was not defective or in an unmerchantable condition at any time when it left the possession, custody and control of Defendant. Any alleged damage or defect to the subject automobile was caused and created by changes and alterations made to the vehicle, subsequent to the vehicle's manufacture and/or sale by persons other than Defendant or any of their agents, servants, or employees, thereby barring Plaintiff's recovery herein.

### TWELFTH AFFIRMATIVE DEFENSE
### (Failure to State Cause of Action for Civil Penalties)

The Complaint fails to state sufficient facts to warrant the imposition of civil penalties because it was believed that replacement or repurchase of the subject vehicle was not appropriate under the circumstances then known.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Civil Penalties)

Any cause of action alleged in the Complaint seeking civil penalties is barred by the statute of limitations contained in the Code of Civil Procedure, specifically, section 340.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Consent)

The repair process to Plaintiff's vehicle was appropriate and proper and is believed to have been done with Plaintiff's consent.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Abuse or Failure to Maintain)

Plaintiff is barred from recovery by virtue of Civil Code section 1794.3 since the claimed defect or nonconformity was caused by the unauthorized or unreasonable use of the vehicle following sale.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Civil Code 1791.1(c)-Implied Warranty)

Each and every cause of action based upon breach of implied warranty is barred by virtue of Civil Code section 1791.1(c).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Reasonable Opportunity to Repair)

Plaintiff is precluded from any recovery pursuant to the Song-Beverly Consumer Warranty Act as Plaintiff failed and refused to provide a reasonable opportunity to repair.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Qualified Third Party Dispute Resolution Process)

Defendant maintains a third party dispute resolution process which substantially complies with Civil Code section 1793.22. Defendant is informed and believes, and based thereon alleges, that Plaintiff received timely and appropriate notice of the availability of the process.  Plaintiff is therefore barred from asserting the presumptions set forth in Civil Code section 1793.2 and from recovering civil penalties pursuant to Civil Code section 1794((e).

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Notice)

Defendant is informed and believes, and based thereon alleges, that Plaintiff failed to provide notice to this answering Defendant pursuant to Civil Code section 1794(e)(3).  Plaintiff is therefore barred from asserting the presumptions set forth in Civil Code section 1793.22 and from recovering civil penalties pursuant to Civil Code section 1794((e).

## TWENTIETH AFFIRMATIVE DEFENSE

### (Right to Arbitrate)

Defendant is informed and believes, and based thereon alleges, that Plaintiff entered into a binding arbitration agreement with Defendant Ford and/or the dealership from which Plaintiff purchased the vehicle.  Defendant, therefore, may elect to exercise its right and pursue resolution of this dispute through arbitration.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

Because Plaintiff cannot establish any physical injury directly resulting from any alleged defect or nonconformity in the subject vehicle, Plaintiff's fraud claim is barred in whole or in part by the economic loss rule.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Prevention of Performance)

Because Plaintiff's actions both prevented and excused Defendant's performance under the Song-Beverly Act and any and all applicable warranties, Plaintiff's claims are barred in whole or in part by the prevention of performance doctrine.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Specificity)

Defendant alleges, on information and belief, that Plaintiff's fraud claim against this

answering Defendant fails because it is not pled with the requisite specificity. Accordingly, Plaintiff is not entitled to punitive damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Additional Affirmative Defenses)

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves herein the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

### PRAYER

WHEREFORE, Defendant FORD MOTOR COMPANY prays as follows:

1. That Plaintiff takes nothing by way of their Complaint on file herein;
2. That judgment be entered in favor of Defendant for costs of suit; and,
3. For such other and further relief as the Court may deem just and proper.

DATED: May 31, 2022

LEWIS BRISBOIS BISGAARD & SMITH LLP
JUDD A. GILEFSKY
KARYN L. IHARA

By: _____
KARYN L. IHARA
Attorney for Defendant
FORD MOTOR COMPANY

4868-0732-2403.1 -7-

DEFENDANT'S ANSWER TO COMPLAINT

**CALIFORNIA STATE COURT PROOF OF SERVICE**
Henry Gonzalez v. Ford Motor Company, et al.
Case No. CIV SB 2207269; File No. 23722-707

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

On May 31. 2022, I served true copies of the following document(s):

**DEFENDANT'S ANSWER TO COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

DAVID N. BARRY, ESQ.
**THE BARRY LAW FIRM**
11845 W. Olympic Blvd., Suite 1270
Los Angeles, CA 90064
Telephone: (310) 684-5859
Facsimile: (310) 862-4539
dbarry@mylemonrights.com
eserviceford@mylemonrights.com
*ATTORNEYS FOR PLAINTIFF*

The documents were served by the following means:

☒ (BY ELECTRONIC TRANSMISSION ONLY) Only by e-mailing the document(s) to the persons at the e-mail address(es) listed above based on notice provided on March 16, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 31, 2022, at Los Angeles, California.

/s/ *Vicki Delia*
Vicki Delia

4868-0732-2403.1   -8-

DEFENDANT'S ANSWER TO COMPLAINT